## EL PUEBLO *v.* FAJARDO.

### APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 442.—Resuelto en junio 5, 1912.

DERECHO PENAL—EJERCICIO ILEGAL DE LA PROFESIÓN DE DENTISTA—PRUEBAS—CARTA.—Examinada la prueba en el caso de autos, estimó este tribunal que era insuficiente para sostener la sentencia condenatoria dictada contra el acusado, pues la carta presentada por el fiscal no es bastante para demostrar la falta de autorización del acusado para ejercer dicha profesión. En términos generales una carta cuyo contenido no ha sido jurado, no constituye prueba alguna, aunque cuando pueda serlo, haya sido admitida como prueba por no haberse formulado objeción en debida forma contra su admisión.

El artículo 123 de la Ley de Evidencia determina los tres medios de presentar en juicio la declaración de un testigo, entre los cuales no se mencionan las cartas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Celestino Yriarte.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Este fué un proceso que se siguió por ejercerse ilegalmente la profesión de dentista. El caso se inició en la corte municipal en donde fué declarado culpable el apelante, quien habiendo interpuesto recurso de apelación para ante la corte de distrito contra dicha sentencia, fué declarado culpable por segunda vez, en donde se le impuso también una multa de $50. Finalmente, se interpuso apelación contra esta última sentencia para ante este tribunal admitiendo el Fiscal en el acto de la vista del caso ante esta corte, que la prueba es insuficiente para fundar en ella una sentencia condenatoria. En la denuncia se imputa a Fajardo el delito de ejercer ilegalmente la profesión de dentista, cometido en la siguiente forma:

"Que el día 28 de diciembre de 1911 a la 1 p. m. y en la parada 17 de Santurce, del Distrito Judicial Municipal de San Juan, P. R., dicho acusado voluntaria e ilegalmente se dedicó a ejercer la profesión de dentista sin estar autorizado por la ley para ejercer dicha profesión, infringiendo así las prescripciones contenidas en el artículo de la ley de la Asamblea Legislativa, de 12 de marzo de 1903."

Examinando la prueba, creemos que es insuficiente, por no demostrarse por el Fiscal la falta de autorización con arreglo a la ley para ejercer la profesión de dentista. La carta que fué presentada como prueba para sostener esta alegación es vaga e incierta en sus términos y no expresa de modo satisfactorio ningún hecho que se relacione con este caso. Además, una carta que no ha sido jurada en cuanto a su contenido, ordinariamente no constituye prueba alguna, aunque sea así cuando la misma fué admitida debidamente, por no haberse formulado una objeción válida contra su admisión. Solamente existen tres métodos de recibir la declaración de un testigo en la celebración de una causa en esta Isla, a saber: 1. Por *affidavit* o declaración jurada; 2. Por deposición; 3. Por medio de interrogatorio oral. (Véase el artículo 123 de la Ley de Evidencia.) Un testigo no puede declarar por carta. Aun cuando las objeciones formuladas a la carta no eran sostenibles, sin embargo, admitiendo que la misma es

cierta, ésta no prueba la falta de capacidad legal por parte del acusado para el ejercicio de la profesión de dentista.

Si el acusado es culpable, el Fiscal de la corte de distrito debe probar que lo es; y hasta que no se presente esta prueba existe a su favor la presunción de inocencia. Por las razones expuestas la sentencia de la corte de distrito debe revocarse y dictarse una sentencia por este tribunal absolviendo al apelante de la acusación que contra él se formuló.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.